IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Russell Judd, ) | C/A No. 3:06-243-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Plaintiff Keith Russell Judd, appearing pro se, is a prisoner in the custody of the Federal Bureau of Prisons. He purportedly brings this action pursuant to the Federal Tort Claims Act. Plaintiff maintains that he did not commit any of the acts for which he was sentenced in the United States District Court for the Western District of Texas. Plaintiff alleges that he has been unjustly imprisoned for eight years. He seeks $5,000 in damages.

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on March 13, 2006, and recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. In addition, the Magistrate Judge recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections") on March 30, 2006.

1

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a de novo review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff has failed to provide evidence that his conviction has been set aside or reversed. In particular, Plaintiff contends that his conviction has been set aside without court action "[b]y operation of the Pretrial Diversion Agreement." Plaintiff's Objections, p. 1. Plaintiff was sentenced in the United States District Court for the Western District of Texas. The United States Appeals Court for the Fifth Circuit has jurisdiction to review all final decisions from the United States District Court for the Western District of Texas. See 28 U.S.C. § 41. Unless Plaintiff's sentencing court sets aside or reverses Plaintiff's conviction or receives a mandate from the United States Court of Appeals for the Fifth Circuit to set aside Plaintiff's judgment, his conviction is still valid. In other words, Plaintiff's conviction cannot be set aside "without court action." Plaintiff's objection is without merit.

The Magistrate Judge's Report and Recommendation is adopted and incorporated herein by reference. The captioned matter is dismissed without issuance and service of process. This case is

deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 1, 2006
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**